UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

BRADLEY WILLIAMS,

                Defendant.

21-CR-06089-FPG

DECISION AND ORDER

## INTRODUCTION

On May 1, 2023, Defendant Bradley Williams filed a motion for early termination of supervised release. ECF No. 24. On May 2, 2023, the Court directed the Government and the Probation Office to respond to Defendant's motion. ECF No. 25. The Government opposes the motion. ECF No. 26. The Probation Office does not. ECF No. 27. For the reasons set forth below, Defendant's motion for early termination of supervised release is DENIED.

## DISCUSSION

Under 18 U.S.C. § 3583, a district court may modify an individual's conditions of supervised release, § 3583(e)(2), or terminate an individual's supervised release obligations "at any time after the expiration of one year … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1). Further, 18 U.S.C. § 3624(e) provides:

> "A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days."

1

Congress intended supervised release to assist individuals in their transition to community life and fulfill rehabilitative ends, distinct from those served by incarceration. *See* § 3553(a)(2)(D); United States Sentencing Commission, Guidelines Manual §§ 5D1.3(c), (d), (e) (Nov. 1998); *see also* S.Rep. No. 98–225, p. 124 (1983) (declaring that "the primary goal [of supervised release] is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release").

Sentencing courts, in determining the conditions of a defendant's supervised release, are required to consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need … to afford adequate deterrence to criminal conduct; … to protect the public from further crimes of the defendant; … and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a).

On November 4, 2021, Defendant was sentenced to time-served followed by 36-months of supervised release and ordered to pay $33,161.50 in restitution fees, after Defendant pled guilty to Financial Institution Fraud in violation of 18 U.S.C. § 1344. ECF No. 19. As of May 5, 2023, Defendant had served approximately 19 months of his 36-month term of supervised release. ECF No. 27. Here, Defendant requests early termination of supervised release because he, *inter alia*, has complied with the conditions of supervision, obtained gainful employment, and engaged with his community. ECF No. 24.

As discussed, a district court "may discharge a defendant and terminate a term of supervised release 'at any time after the expiration of one year of supervised release … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of

justice.'" 18 U.S.C. § 3583(e)(1); *United States v. Black*, No. 10-CR-303-A, 2013 WL 2527371, at *2 (W.D.N.Y. June 10, 2013).  In making such a determination, courts must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need … to afford adequate deterrence to criminal conduct; … to protect the public from further crimes of the defendant; … and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment."  18 U.S.C. § 3553(a).  Retributive punishment is not relevant to a termination or modification of supervision and is not to be considered in this context.  *See* 18 U.S.C. § 3583(e)(1).

The Court has considered the factors set forth in § 3553(a) and concludes that early termination of supervised release is not warranted at this time.  While Defendant has completed at least one full year of supervision and displayed "ability to lawfully self-manage by maintaining stable residence and employment and abstaining from any violations throughout supervision," ECF No. 27, compliance with the terms of supervision, alone, does not entitle a defendant to early termination.  *United States v. Jimenez*, Nos. 99 Cr. 1110–02, 99 Cr. 1193–04, 2012 WL 3854785, at *1 (S.D.N.Y. Sept.5, 2012); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y.1998).  Every individual serving a sentence of supervised release is required to comply with the conditions of supervision and faces serious sanctions for any substantial failure to do so.  18 U.S.C. § 3583(e), (g); *United States v. Black*, No. 10-CR-303-A, 2013 WL 2527371, at *3 (W.D.N.Y. June 10, 2013).  Compliance with conditions of supervision may be a prerequisite to early termination, but it does not satisfy the interest-of-justice test for early discharge from supervised release in light of the general purposes of sentencing referred to in § 3583(e)(1).  *Black*, 2013 WL 2527371 at *3.

Accordingly, the Court declines to exercise its discretion to terminate Defendant's supervised release early.  Petitioner's motion for early termination of supervised release, ECF No. 24, is DENIED.

IT IS SO ORDERED.

Dated: May 22, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York